IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00187-WJM-KLM

SUSAN B. MCSWEENEY

    Plaintiff,

v.

ANN B. GENTRY

    Defendant.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Motion For Imposition of Settlement Conference Conditions and Request For Expedited Ruling** [#17][1] (the "Motion"). Plaintiff requests that the Court set conditions for a voluntary outside mediation to be conducted by Conflict Resolution Services on November 18, 2014. *Id. at 2-3.*

    Although the Court applauds the parties' willingness to engage in an early mediation of this dispute, the Motion is entirely without merit. First, despite Plaintiff's contention to the contrary, D.C.COLO.LCivR 16.6 does not "order" the parties "to participate in a form of alternate dispute resolution." Instead, the Local Rule states that "all litigants in civil actions *shall consider* the use of an alternative dispute resolution process." *Id.* (emphasis added).

    Second, despite Plaintiff's contention to the contrary, there is no legal authority which suggests that the Court may set conditions for a voluntary settlement conference which is going to be conducted by a non-judicial neutral. The cases cited by Plaintiff all involve settlement conferences conducted by a judicial officer of the Court, for which the judicial officer undoubtedly had authority to establish the requirements of participation. *Lockhart v. Patel*, 115 F.R.D. 44 (E.D Ky. 1987) (holding that litigant's failure to follow judge's instruction to bring a representative with full settlement authority to the settlement conference justified imposition of sanctions); *G. Heileman Brewing Co., Inc. v. Joseph Oat*

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

*Corp.*, 107 F.R.D. 275 (D. Wis. 1985) (upholding magistrate judge's requirement that representatives with full authority to settle be present at settlement conference on grounds that "by bringing their dispute to a court for resolution, the parties have invoked the use of an expensive public resource"); *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481 (D. Ariz. 2003) (upholding sanctions for party's failure to comply with order regarding requirements for settlement conference held by magistrate judge).  Plaintiff also cites an Order by Magistrate Judge Tafoya, but that Order also related to a settlement conference to be conducted by the Judge.

This Court  is unwilling to establish the conditions under which parties who have voluntarily agreed to mediate their dispute *with an outside mediator* must conduct that mediation.  The conditions of private, voluntary mediation are properly left to counsel, the outside mediator, or all of the above.

Accordingly, IT IS HEREBY **ORDERED** that the Motion [#17] is **DENIED.**

Dated:  October 31, 2014